**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| YASH RAJ FILMS (USA) INC., | : | |
| Plaintiff, | : | Civil Action No. 06-3968 (SRC) |
| v. | : | **OPINION** |
| SUR SANGEET VIDEO ELECTRONICS, INC., et al., | : | |
| Defendants. | : | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motion for summary judgment, pursuant to FED. R. CIV. P. 56, by Plaintiff Yash Raj Films (USA) Inc. ("Yash Raj Films"). For the reasons set forth below, this motion will be **GRANTED** in part and **DENIED** in part.

**BACKGROUND**

This case arises from a dispute over copyright infringement involving copyright registrations owned by Plaintiff Yash Raj Films. Plaintiff is a New York corporation holding copyrights in numerous motion picture works. Plaintiff is engaged in the business of manufacturing, marketing, and selling Indian films and audio albums.

Plaintiff alleges that Defendants SND Enterprises LLC ("SND"), Sewa Ram Arya ("Arya"), and Daniel Winthrop ("Winthrop") own and operate the "Movie Center" store located at 787 Newark Avenue, Jersey City, New Jersey. In August of 2006, Plaintiff filed a Complaint in this Court, and this Court issued an Order of seizure and impoundment which authorized

Plaintiff, with the assistance of the United States Marshals Service, to enter the premises of the "Movie Center" store to seize unauthorized and infringing material.

On August 28, 2006, the seizure was carried out. Plaintiff offers the declaration of Plaintiff's General Manager of Administration, Vaibhav Rajput ("Rajput"), which states that he entered the "Movie Center" store on that date and participated in the seizure of 762 DVDs, CDs, and VHS cassettes, alleged to infringe Plaintiff's copyrights. Plaintiff now seeks summary judgment of copyright infringement as to ninety-two works. Defendants have filed no opposition to this motion.

## ANALYSIS

I.   **Legal Standards**

   A.   Rule 56 Motion for Summary Judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury

could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  Scott v. Harris, 127 S. Ct. 1769, 1776 (2007).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)).  "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985).  The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d

3

130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

    B.    Copyright Infringement

"To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." Dun & Bradstreet Software Servs. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002). The Third Circuit construes "copying" to be a "shorthand reference to the act of infringing any of the copyright owner's five exclusive rights set forth at 17 U.S.C. § 106." Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 207 (3d Cir. 2005). One such right stated in § 106 is the exclusive right to "to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106(3).

"To establish a copyright infringement, the holder must first prove that the defendant has copied the protected work and, second, that there is a substantial similarity between the two works. The criterion for the latter requirement is whether an ordinary lay observer would detect a substantial similarity between the works." Universal Athletic Sales Co. v. Salkeld, 511 F.2d 904, 907 (3d Cir. 1975). Exact duplication may give rise to the inference that such similarity can be explained only by copying. See Educational Testing Services v. Katzman, 793 F.2d 533, 541 (3d

Cir. 1986).

## II.   Defendants' motion for summary judgment

Defendants have appeared in this case but have not opposed this motion. Because Plaintiff bears the burden of proof of copyright infringement, Rule 56 requires that this Court determine whether the moving party has met its burden of showing that "on all the essential elements of its case . . . no reasonable jury could find for the non-moving party." Bressman, 327 F.3d at 238.

The evidence submitted shows that 762 VHS cassettes, CDs and DVDs were seized from the "Movie Center" store on August 28, 2006. (Rajput Decl. ¶ 19.) Plaintiff offers an inventory of these items prepared by Plaintiff's attorneys. (Rajput Decl. Ex. E.)

The Rajput declaration, however, does not provide evidence linking the "Movie Center" store to Defendants SND, Winthrop and Arya. Plaintiff attempts to link Defendants to the store by pointing to a document alleged to be an application for a bank account, which appears to associate the "Movie Center" store with SND, Winthrop and Arya. (Poppe Dec. Ex. W.) This document, however, has not been authenticated and is inadmissible. F. R. EVID. 901. This Court does, however, find a basis to associate the Defendants with "Movie Center" in the pleadings: the third-party Complaint filed by SND, Arya, and Winthrop, concedes that SND Enterprises LLC does business as "Movie Center" and that Arya and Winthrop operate this business. (Docket Entry No. 24 at ¶¶ 3, 4.) Defendants SND, Winthrop and Arya have thus admitted that they own and operate the "Movie Center" store.

Plaintiff contends that it has made out a prima facie claim of copyright infringement by offering: 1) certificates of copyright registration for the claimed works; and 2) evidence that the

seized materials are unauthorized copies of the copyrighted works.

As to the copyright certificates, 70 of the 92 certificates submitted appear to be valid certificates of copyright registration, complete with the seal of the Copyright Office. (Rajput Decl. Ex. A.) The remaining 22 documents lack the seal and appear to be applications for registration. They are not certificates of registration and are not sufficient to support a prima facie claim of copyright infringement. Nor does Plaintiff point to evidence that these applications, together with the deposit and fee, have been received by the Copyright Office, thus setting a registration effective date under 17 U.S.C. § 410(d). The provision 17 U.S.C. § 411(a) establishes registration as a prerequisite to bringing an action for copyright infringement. (Id.) The 70 works with valid certificates of registration are listed in Appendix A, attached to this Opinion.

As to evidence of unauthorized copying, the Rajput declaration provides evidence that the seized items were unauthorized copies of the works in question. (Rajput Decl. ¶ 19.) Although the declaration does not clearly provide the foundation for the statement that the seized items were copies of the works – that is, the facts as to how each of the 762 items was compared to the copyrighted original and whether each showed substantial similarity to or exact duplication of the copyrighted work – in the context of this unopposed motion, this Court finds that the evidence is sufficient to support the inference that the seized items are unauthorized copies.

As the moving party bearing the burden of proof, Plaintiff has met its summary judgment burden as to the seventy items for which it has submitted valid copyright registrations. As Defendants have not opposed this motion, there can be no outstanding genuine issues of material fact, and Plaintiff is entitled to judgment of copyright infringement as a matter of law. As to the

70 works listed in Appendix A, Plaintiff's motion for summary judgment will be granted. As to the 22 works not listed in Appendix A, Plaintiff's motion for summary judgment will be denied.

Plaintiff seeks relief in two forms: 1) a permanent injunction barring infringing acts; and 2) a hearing to determine damages and attorneys' fees. Both requests will be granted. Having found Defendants liable for copyright infringement, this Court is authorized by 17 U.S.C. § 502(a) to issue an injunction to prevent copyright infringement, and an appropriate order follows. Plaintiff may move for determination of damages and attorneys' fees.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment, pursuant to FED. R. CIV. P. 56, is granted in part and denied in part. As to the 70 works listed in Appendix A, Plaintiff's motion for summary judgment is **GRANTED**. As to the 22 works not listed in Appendix A, Plaintiff's motion for summary judgment is **DENIED**. Defendants SND, Arya, and Winthrop will be permanently enjoined from acts which infringe Plaintiff's copyrights in the seventy works listed in Appendix A. Plaintiff is granted leave to move for determination of damages and attorneys' fees.

                                                               s/ Stanley R. Chesler
                                              Stanley R. Chesler, U.S.D.J.

Dated: August 21, 2007

**APPENDIX A**

Works with complete copyright registration certificate:

1. AB DILLI DUR NAHIN
2. AWARA
3. AADMI AUR INSAAN
4. AAG
5. AAH
6. AAR PAAR
7. AFSANA
8. BARSAAT
9. BANDINI
10. BETI BETE
11. BIDAAI
12. BOBBY
13. BOOT POLISH
14. BUNTY AUR BABLI:
    a. DHADAK DHADAK
    b. CHUP CHUP KE
    c. NACH BALIYE
    d. BUNTY AUR BABLI
    e. B N B
    f. KAJRA RE
15. CHANDNI
16. CHHOTI BAHEN
17. CHHOTI SI BAAT
18. DAADI MAA
19. DASTAAN
20. DEEWANE
21. DEVDAS
22. DHARAM KARAM
23. DHOOM:
    a. DHOOM MACHALE
    b. SHIKDUM
    c. DILBARA
    d. SALAAME
    e. SHIKDUM (BR MIX)
    f. DILBARA (REPRISAL)
24. DHARMPUTRA
25. DHOOL KA PHOOL
26. DHUND
27. DIL TO PAGAL HAI(T)

28. DILWALE DULHANIYA LE JAYENGE
29. EK HI RASTA
30. GUMRAAH
31. HAMRAAHI
32. HUM TUM
33. JAGTE RAHO
34. JEENE KI RAAH
35. JIS DESH MEIN GANGA BEHTI HAI
36. KAAL
37. KABHI ALVIDA NAA KEHNA
38. KABHI KABHIE
39. KABHI KHUSHI KABHIE GHAM
40. KABULIWALA
41. KAL AAJ AUR KAL
42. KHILONA
43. KAL HO NAA HO
44. KUCH KUCH HOTA HAI
45. LAMHE
46. MADHUMATI
47. MAINE GANDHI KO NAHI MARA
48. MANGAL PANDEY - THE RISING
49. MANGAL PANDEY
50. MERA NAAM JOKER
51. MERE YAAR KI SHAADI HAI
52. MOHABBATEIN
53. MILAN
54. MUJHSE DOSTI KAROGE
55. NEAL-N-NIKKI
56. RAJA AUR RUNK
57. REFUGEE
58. SAATHIYA
59. SANGAM
60. SASURAL
61. SALAAM NAMASTE
62. SHAADI KE BAAD
63. SHARADA
64. SHREE 420
65. SISILA
66. SUJATA
67. UDHARKA SINDUR
68. VEER-ZAARA
    a. TERE LIYE
    b. MAIN YAHAAN HOOD

       c.      AISA DES HAI MERA
       d.      YEH HUM AA GAYE HAIN KAHAA
       e.      DO PAL
       f.      KYON HAWA
       g.      HUM TO
69.    YARAAN NAAL BAHARAAN
70.    ZUBEIDAA