UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YASH RAJ FILMS (USA) INC. | CASE NO.: 06-3968 (SRC) |
| Plaintiff, | |
| vs. | |
| SUR SANGEET VIDEO ELECTRONICS INC., MOHAMMAD DAUD, ADEEL AHMED, ZULFAQAR ALI, SND ENTERPRISES LLC D/B/A MOVIE CENTER INDIAN MOVIES D/B/A MOVIE CENTER, SEWA RAM ARYA, DANIEL WINTHROP A/K/A DAN WINTHROP, BOMBAY ELECTRONICS INC., RAJIV BEDI, NARENDER BEDI, NINE 4 SEVEN ENTERTAINMENT INC. D/B/A VIDESH VIDEO, HITESH PATEL, MOVIE TIME AUDIO & VIDEO, INC., DESI MOVIES, INC., GIRESH TUMATI, GIRIDHAR TUMATI AND JOHN DOES 1-20 | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| Defendants. | |
| SND ENTERPRISES, LLC, SEWA RAM ARYA, AND DANIEL WINTHROP | |
| Third Party Plaintiffs, | |
| v. | |
| VIVA ENTERTAINMENT LLC, DALIP ADNANI, JOHN DOES 1-5 | |
| Third Party Defendants. | |

Yash Raj Films (USA) Inc. ("Yash Raj", "Plaintiff" or "Movant"), having moved for an order pursuant to 11 U.S.C. §504 and §505 granting judgment for statutory damages and attorneys' fees against the defendants SND Enterprises LLC ("SND") and Sewa Ram Arya ("Arya" and with SND collectively the "Defendants") in this action; and

the Court having reviewed the declaration of William M. Poppe, Esq., attorney for Plaintiff, and the declaration of Vaibhav Rajput ("Rajput"), General Manager of Administration of Plaintiff, and the exhibits annexed heret; and

1

the Court, by Order dated August 21, 2007, having granted summary judgment in favor of Plaintiff against Defendants as to seventy works in which Plaintiff owns the copyright and/or exclusive rights under copyright and which Plaintiff has registered with the United States Copyright Office (the "Copyright Office"); and

the Defendants having been notified of Plaintiff's application and given opportunity to be heard; and

the Court having reviewed and considered each of the amended complaint, declarations and exhibits previously submitted by Plaintiff in this matter and upon all of the proceedings heretofore had herein, and due deliberation having been had, the Court makes the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT

1.  This Court has previously entered an order granting Plaintiff summary judgment on Plaintiff's claims of copyright in and to seventy works registered by Plaintiff with the Copyright Office which are identified in Schedule "A" to the Court's Summary Judgment Order dated and entered on August 21, 2007.

2.  Plaintiff presented evidence with Plaintiff's application of Plaintiff's application for copyright registration of twenty-two additional works by providing copies of Plaintiff's applications for copyright registration, transmittal correspondence to the Copyright Office, Federal Express Corporation airbills and delivery receipts to the Copyright Office and copies of cancelled checks delivered to the Copyright Office for registration fees (the seventy works identified in Schedule to the Court's Summary Judgment Order and the additional twenty-two works are collectively referred to as "Plaintiff's Works").

2

3.  At all times relevant to Plaintiff's claims herein, Plaintiff was the owner of the respective copyrights and/or exclusive rights under the United States Copyright Act (the "Copyright Act") to the Plaintiff's Work sixty of which were infringed by Defendants as identified in Schedule "A" annexed hereto.

4.  Plaintiff has duly complied with all pertinent provisions of the Copyright Act and all laws governing copyright with respect to Plaintiff's ownership of copyrights and/or exclusive rights in and to Plaintiff's Works and the registration of Plaintiff's Works with the Copyright Office.

5.  Plaintiff is actively engaged in the manufacturing, reproduction, importing, marketing, and sale of Indian films and audio albums in theaters and in various home entertainment formats, including audio and video cassettes, music compact discs and digital versatile discs ("DVDs").

6.  Plaintiff's business requires a substantial financial investment to produce, acquire, market and distribute Plaintiff's Works.

7.  The agreements by which Plaintiff acquires the rights to films and music often require Plaintiff to enforce Plaintiff's copyrights and to prosecute counterfeiters and unauthorized distributors of such works.

8.  Plaintiff has commenced infringement actions and also conducted court-ordered counterfeit media seizures in the same local South Asian retail area where Defendants' business is located and publicized the seizures through press releases.

9.  Plaintiff also worked with numerous law enforcement agencies in an effort to combat media piracy, including the United States Department of Homeland Security, the Illinois State Attorney's Office, the New York City Police Department, the Houston

Police Department, the New Jersey Attorney General's Office, the DeKalb County (Georgia) Police Department, the Central Valley (California) High Tech Crime Task Force, the Fremont (California) Police Department, the Fairfax County (Virginia) Police Department and the Royal Canadian Mounted Police, among others. Plaintiff has also worked with such trade groups as the Recording Industry Association of America and the Motion Picture Association of America on media piracy matters.

10. The cost of acquisition, reproduction, marketing and distribution for each audio album and motion picture presents a substantial financial investment, and risk, to Plaintiff. All of Plaintiff's authorized products including Plaintiff's Works display the distinctive Yash Raj "Y" logo, trade name, address and copyright notice.

11. Plaintiff never distributes Plaintiff's Works in loose CDs or DVDs; nor does Plaintiff distribute loose copies of CD and/or DVD artwork.

12. Plaintiff at all times distributes Plaintiff's Works in sealed individual "jewel" boxes wrapped in factory-sealed clear plastic.

13. Plaintiff actively publicized its release and ownership of Plaintiff's Works in the most popular Indian T.V., print media and its website: www.yashrajfilms.com.

14. At all times relevant to Plaintiff's claims in this action, Defendants were the owners and operators of an audio video retail store named Movie Center at 787 Newark Avenue, Jersey City, New Jersey ("Defendants' Retail Store") engaged in the business of distributing VHS video cassettes, audio compact discs ("CDs") and DVDs embodying recorded performances of, among other things, unauthorized, infringing copies of Plaintiff's Works.

15. On May 25, 2005, in response to consumer complaints, Plaintiff mailed Defendants a letter identifying Plaintiff's Works, warning Defendants not to sell unauthorized copies of Plaintiff's Works and informing Defendants of the financial harm Defendants' infringing activities were causing to Plaintiff and to unsuspecting retail customers.

16. In July and August 2006, an investigator hired by Plaintiff purchased infringing copies of Plaintiff's Works at Defendants' Retail Store.

17. On August 26, 2006, acting pursuant to an order of seizure signed by this Court, Plaintiff with deputies of the U.S. Marshal's Service seized (the "Seizure") 762 VHS cassettes, CDs and DVDs containing unauthorized and infringing copies of Plaintiff's Works from Defendants' Retail Store.

18. At the time of the Seizure, Defendants, under the supervision of Defendant Arya, were packaging infringing copies of Plaintiff's Works using infringing artwork that displayed counterfeit copies of Plaintiff's tradename and logo, which Plaintiff has registered with the United States Patent and Trademark Office.

19. Copies of unauthorized Yash Raj titles and the "Yash Raj" tradename were found on Defendants' computer.

20. Defendants were actually copying Plaintiff's Works on a DVD "burner" and on VHS recorders.

21. Defendants were found in possession of numerous pieces of counterfeit Yash Raj artwork, loose DVDs and the means of packaging such infringing products.

22. Some of Plaintiff's Works were infringed by Defendants in numerous separate and distinct infringing presentations. For example, Defendants' infringement of

5

Plaintiff's Work "Fanaa" was infringed by Defendants in seven separate products, and Plaintiff's Work "Kabhi Khushi Kabhie Gham" was infringed in six separate products.

23. Plaintiff's Work "Kabhi Alvida Naa Kehna" was still playing in theaters and had not yet been released by Plaintiff in DVD or any other home entertainment format; one hundred twenty-six infringing copies of "Kabhi Alvida Naa Kehna" with infringing artwork were recovered from Defendants in the Seizure.

24. Plaintiff does not distribute Plaintiff's Works in video cassette format, however, Defendants were found to be distributing Plaintiff's Works in VHS format with computer generated titles.

25. Certain of the infringing products offered for distribution by Defendants combined excerpts of more than one Yash Raj Work in a compilation format with works owned by third parties. Plaintiff does not release Plaintiff's Copyrighted Works with media owned by third parties.

26. Based upon Defendants' infringing activities, as set forth above, Defendants clearly understood the difference between artwork and pricing of authorized film products and the significantly lesser priced counterfeit copies that the Defendants knowingly assembled and sold at Defendants' Retail Store; and

27. Based upon Defendants' infringing activities, as set forth above, Defendants knowingly and willfully created, marketed and sold unauthorized, infringing copies of Plaintiff's Works to the general public at Defendants' Retail Store knowing that such infringing conduct would cause financial harm to Plaintiff.

28. Defendants had knowledge of the requirements of the Copyright Act and knew and/or had reason to know that Plaintiff held the copyrights in and to Plaintiff's Works by reason of Plaintiff's May 25, 2005 notice to Defendants.

29. At all times relevant to Plaintiff's claims in this action, Defendant Arya was a manager and in control of the activities of Defendant SND and of the Defendants' Retail Store, and one of the persons causing and directing, and entitled to the financial benefits of, the audio video business operated through Defendant SND out of Defendants' Retail Store, including the unauthorized duplication and sale of infringing copies of Plaintiff's Works.

30. Defendants infringed fifty-six motion pictures and four sound recordings which Plaintiff has registered with the Copyright Office and four motion pictures which Plaintiff has not registered. Defendants had for sale in their store one hundred and fifty separate and distinct products that contained infringing copies of Plaintiff's fifty-six registered and four unregistered motion picture "works" and nine separate and distinct products that contained infringing copies of Plaintiff's four registered audio album "works."

31. In addition, infringing conduct, such as Defendants' conduct, has continued in this judicial District notwithstanding Plaintiff's efforts to combat such illegal activity through civil enforcement. Therefore statutory damages must be awarded in an amount sufficient to deter Defendants and others from trafficking in unauthorized copies of Plaintiff's Works.

32. Based upon Defendants' infringement of Plaintiff's Works, Plaintiff is entitled to reimbursement for Plaintiff's reasonable legal fees and expenses of Plaintiff's

counsel, Poppe & Bhouraskar, LLP, attributed to Plaintiff's litigation against Defendants as itemized and apportioned between all Defendants in Plaintiff's counsel's declaration in the amount of $39,642.92 in legal fees and $3,533.81 in disbursements, which the Court finds to be reasonable in light of Plaintiff's attorneys' experience, the amount of work necessary and the amount of work done.

## II. CONCLUSIONS OF LAW

1. Under the Copyright Act, although the Court is bound by certain statutory minimum and maximum limits, statutory damages are to be awarded in such amount as the Court considers just.

2. In determining statutory damages, there is no rigid formula which the Court is required to follow; district courts enjoy wide discretion in awarding statutory damages and fees and may consider various factors including the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement. *See F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231-32 (1952).

3. The base range for statutory damages extends from $750 to $30,000 per work or title infringed. 17 U.S.C. § 504(c)(1).

4. Where a defendant's activity is knowing or willful a court may increase the statutory damage award above the base range, up to a maximum of $150,000 per title or work. 17 U.S.C. § 504(c)(2).

5. A party that elects to recover statutory damages need not prove economic loss suffered, or profit gained by the defendant. *See* 17 U.S.C. § 504 (c).

6.    In determining the amount of statutory damages to be awarded to a plaintiff, it is proper to consider: (1) the state of mind of the defendant with respect to the infringing activity, that is, whether the defendant was acting willfully, knowingly or innocently; (2) the need to deter future infringing activity; (3) the profits reaped by the defendants in connection with the infringement; and (4) the revenue lost by the plaintiff as a result of said infringement. *See e.g., Getaped.com v. Cangemi*, 188 F.Supp.2d 398, 403 (S.D.N.Y.2002); *Broadcast Music, Inc. v. Golden Horse Inn Corp.*, 709 F.Supp. 580, 581 (E.D.Pa.1989).

7.    Courts have recognized that the rule of liability which merely takes away profits from copyright infringement would offer little discouragement to infringers. Therefore, the statutory damage rule is designed not merely to compel restitution of profit and reparation for injury, but also to discourage wrongful conduct. *F. W. Woolworth Co.*, 344 U.S. at 233.

8.    A finding of willfulness is justified if the infringer has knowledge that his conduct is infringing another's copyright or if the infringer has acted in reckless disregard of the copyright owner's rights. *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1115 (2d Cir.1986).

9.    Defendants' knowledge or reckless disregard has been proven directly.

10.    The Copyright Act explicitly provides that a statutory damages award is payable for all infringements involved in the action, with respect to any one work, for which any one infringer is liable. 17 U.S.C. § 504(c)(1). Thus, in calculating statutory damages, a court may consider how many separate and individual infringements with respect to each title or "work" were violated in the one action.

11. Plaintiff has accurately calculated the number and type of infringements as a basis for statutory damages, which is identified in Schedule "A" annexed hereto, and in further detail in Appendix N to the Declaration of William M. Poppe, filed January 2, 2008.

12. Because infringement was wilful, and based on the clear need for deterrence, the Court finds $50,000 per work infringed to be reasonable.

13. Statutory damages in the amount of $3,000,000 are awarded to Plaintiff against Defendants, jointly and severally.

14. The Copyright Act also authorizes the award of reasonable attorneys' fees to the prevailing party in a copyright infringement action, within the discretion of the court. 17 U.S.C. § 505.

15. It is established that a finding of willful infringement is sufficient to support an award of attorney's fees.

16. Circumstances warranting an award of attorneys' fees to a plaintiff include the defendant's deliberate infringement and the need for compensation to a party for defending or enforcing its copyrights. *See Fogerty v. Fantasy Inc.*, 510 U.S. 517, 534 n. 19 (1994) (citing *Lieb v.Topstone Indus.*, 788 F.2d 151, 156 (3d Cir .1986)). Those circumstances are fully present here.

17. In determining reasonable attorneys' fee, the following factors should be taken into account: (1) the amount of work necessary; (2) the amount of work done; (3) the skill employed; (4) the monetary amount involved; and (5) the result achieved. Ultimately, however, a court determines a reasonable attorneys' fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Microsoft Corp. v. United Computer Res. of N.J., Inc.*, 216 F. Supp. 2d 383, 387 (D.N.J.2002).

18. Attorneys' Fees and costs in the amount of $43,176.73 are reasonable and are awarded to Plaintiff. In support of this award of Attorneys' Fees and costs, the Court notes the following. Plaintiff's attorney, William M. Poppe, has filed a Declaration signed on December 27, 2007, which supports his application for fees and costs. Attached thereto are his firm's billing records, which demonstrate that Plaintiff was billed for Mr. Poppe's services at an hourly rate of $275. The Court finds that this hourly rate is eminently reasonable for the nature of the services provided in this specialized area of the law. The hours expended, almost exclusively by Mr. Poppe, are set forth in detail in billings to his client dated December 26, 2007, along a detailed reconciliation of the legal fees and disbursements. In those billings the nature of the services is described in detail, as well as the hours expended.

19. Plaintiff is entitled to reimbursement for Plaintiff's reasonable attorneys' fees and disbursements in establishing Defendants' infringement of Plaintiff's copyrights in and to Plaintiff's Works pursuant to 17 U.S.C. § 505.

Dated: February 28, 2008

                                                       s/Stanley R. Chesler
                                                     The Honorable Stanley R. Chesler
                                                     United States District Judge

## SCHEDULE A

## UNAUTHORIZED COPIES OF MOTION PICTURES AND SOUND RECORDINGS RECOVERED IN THE MOVIE CENTER/SND ENTERPRISES SEIZURE ON AUGUST 26, 2006

### MOTION PICTURE TITLES

1. AAG[1]
2. AAH[1]
3. AAR PAAR[2]
4. AWARA[1]
5. BARSAAT[1]
6. BOOT POLISH[1]
7. BUNTY AUR BABLI[1]
8. CHANDNI[1]
9. DAASTAN[1]
10. DHOOL KA PHOOL[1]
11. DHOOM[1]
12. DHOOM 2[1]
13. DIL TO PAGAL HAI[1]
14. DILWALE DULHANIA LE JAYENGE[1]
15. FANAA[1]
16. HUM TUM[2]
17. JAGTE RAHO[1]
18. JEENE KI RAAH[1]
19. JHOOM BARABAR JHOOM[2]
20. JUGNU[2]
21. KAAL[1]
22. KABHI ALVIDA NAA KEHNA[1]
23. KABHI KABHIE[1]
24. KABHI KHUSHI KABHI GHAM[1]
25. KAL HO NAA HO[1]
26. KOI MIL GAYA[2]
27. KUCH KUCH HOTA HAI[1]
28. LOVE IN TOKYO[2]
29. MAINE GANH KO NAHIN MARA[1]
30. MANGAL PANDEY[1]
31. MERA NAAM JOKER
32. MERE YAAR KI SHAADI HAI[1]
33. MILAN[1]
34. MOHABBATEIN[1]
35. MUJHSE DOSTI KAROGE[1]
36. MUKTI[2]
37. NAYA DAUR[1]
38. NEAL-N-NIKKI[1]

---

[1] Copyright Certificate obtained.
[2] Copyright Certificate application submitted with receipted transmittal correspondence and check.

39. REFUGEE[1]
40. SAATHIYA[1]
41. SADHNA[1]
42. SAGINA[1]
43. SALAAM NAMASTE[2]
44. SANGAM[1]
45. SASURAL[1]
46. SHAADI KE BAAD[1]
47. SHARADA[1]
48. SHREE 420[1]
49. SILSILA[1]
50. TA RA RUM PUM[2]
51. TUMSE ACCHA KAUN HAI[2]
52. VEER ZAARA[1]
53. WAQT[2]
54. YARAAN NAAL BAHARAAN[1]
55. ZAMEER[2]
56. ZIDDI[2]

## SOUND RECORDING TITLES

57. BUNTY AUR BABLI[1]
58. FANAA[1]
59. MANGAL PANDEY[1]
60. SALAAM NAMASTE[1]

---

[1] Copyright Certificate obtained.
[2] Copyright Certificate application submitted with receipted transmittal correspondence and check.